**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 23-CR-292-6 (CKK)** |
| **v.** | : | |
| | : | |
| **MALIK TERRELL,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America submits this memorandum in support of its sentencing recommendation for the defendant.

**I.      Introduction**

Pursuant to the plea agreement, the government asks that the Court impose a sentence at the bottom of the Guidelines sentencing range as agreed to by the parties.  As set forth below, consideration of the Section 3553(a) factors supports imposition of this sentence.

**II.     Procedural Posture**

On February 10, 2026, the defendant pleaded guilty to Count 2 of the Second Superseding Indictment, charging him with Kidnapping and Aiding and Abetting, in violation of 18 U.S.C. § 120l(a)(l).

**III.    Defendant's Criminal Conduct**

On June 8, 2023, at approximately 11:45 p.m.,  Malik Terrell, (the "defendant"), DeAngelo Beale (hereafter, "Victim-1"), L.H. (hereafter, "Victim-2"), and co-conspirators departed the area of the 4400 block of F Street SE, Washington, D.C.  At approximately 12:10 p.m., they arrived at the Saint Yves nightclub, located at 1220 Connecticut Avenue NW,

Washington, D.C. for a birthday celebration.

The co-conspirators returned from the nightclub to the 4400 block of F Street SE around 2:21 am on June 9, 2023.   Victims-1 and -2 had not yet returned to the area.   The victims and the defendant returned to the 4400 block of F Street SE at approximately 3:05 a.m.

At approximately 3:45 a.m., the kidnapping of Victim-1 and Vicitm-2 began.   They were kidnapped for the purpose of stealing Victim-1's clothing, money, vehicle, and other belongings. While Victim-1 occupied the driver's side of his Mercedes SUV, another individual lunged towards Victim-1 from the driver's-side doorway as the co-conspirators pushed forward to assist in confining Victim-1.   The co-conspirators enclosed Victim-1 from the driver's-side doorway, restricted Victim-1's movements, and commenced removing Victim-1's clothing from his body.

At around 3:45 a.m., co-conspirators ripped Victim-1 from the driver's seat of the Mercedes SUV.   The defendant assisted in preventing Victim-1 and Vicitm-2 from fleeing for the purpose of stealing the victims' property.   The co-conspirators entered Victim-1's Mercedes SUV and fled, carrying Victims-1 and -2 away from the scene.   The defendant and three co-conspirators ran into a nearby white Nissan Altima and fled the scene.

The defendant and co-conspirators transported Victim-1 and Victim-2 to a nearby area, where Victims-1 and -2 were threatened and assaulted, including at gunpoint, resulting in injuries to both victims that involved extreme physical pain and required hospitalization.   The co-conspirators then transported Victim-1 across state lines from the District of Columbia to Maryland.   At approximately 4:40 a.m., the Mercedes SUV and Nissan Altima entered an apartment complex located at 5200 Belgreen Street, Suitland, Maryland, where Victim-1 maintained an apartment ("Residence-1").

2

At approximately 5:40 a.m., the Mercedes SUV arrived at another residence linked to Victim-1 in Waldorf, Maryland ("Residence-2").   At the time, some of the co-conspirators restrained Victim-1 in his Mercedes SUV in the parking lot outside.   At approximately 5:45 a.m., individuals engaged in a shootout with Victim-1, resulting in Victim-1 and another individual getting struck by gunfire.   Both were ultimately pronounced dead.

## IV.    Statutory Penalties

The penalties for Kidnapping and Aiding and Abetting, in violation of 18 U.S.C. §§ 1201(a)(1), are as follows:

1. A maximum term of imprisonment of life imprisonment;

2. A fine not to exceed $250,000, or twice the pecuniary gain or loss of the offense;

3. Mandatory restitution;

4. A term of supervised release of not more than 5 years; and

5. A special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of imprisonment and any term of supervised release and/or probation.

## V.    Sentencing Guidelines Calculation

The Supreme Court has instructed that the Court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."   *United States v. Gall*, 552 U.S. 38, 45 (2007).   "As a matter of administration and to secure nationwide consistency, the Sentencing Guidelines should be the starting point and the initial benchmark" for determining a defendant's sentence.   *Id.* at 49.   As "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," the Guidelines are the

"starting point and the initial benchmark" for sentencing.  *Id.* at 46; *United States v. Khatallah*, 41 F.4th 608, 644 (D.C. Cir. 2022) (same).

The parties agreed that the following Sentencing Guidelines sections apply:

| | | |
|---|---|---|
| U.S.S.G. § 2A4.1 | Base Offense Level | 32 |
| | Total | 32 |
| U.S.S.G. §§3E1.1(a)(b) | Acceptance of Responsibility | -3 |
| | Total | 29 |

The parties further agreed that the defendant has a Criminal History Category I, which results in a Guidelines' Sentencing Range of 86-108 months.[1]

## VI.    The Section 3553(a) sentencing factors support imposition of a sentence within the Guidelines Sentencing range.

The Court should next consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *Gall*, 552 U.S. at 49-50.   That Section provides that the Court consider the following:  (1) "the nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1); (2) "the history and characteristics of the defendant," *id.*; (3) the promotion of "respect for the law," 18 U.S.C. § 3553(a)(2)(A); (4) general and specific "deterrence," 18 U.S.C. § 3553(a)(2)(B)(C); (5) the Guidelines and Guideline range, § 3553(a)(4); and (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).   As set forth below, these sentencing factors, considering defendant's crimes of conviction as a whole, support the imposition of a sentence of 86 months' incarceration.

## A.    The Nature and Circumstances of the Offense

---

[1]    PSR's guidelines calculation is a level 33 (PSR ¶43) and Criminal History Category of III.

The defendant has pleaded guilty to a serious offense:   kidnapping.   The kidnapping resulted in two deaths.   The defendant, therefore, committed a grave offense.

**B.        Promotion of respect for the law**

Defendant's commission of a serious offense supports imposing a sentence of 87 months' incarceration to promote respect for the law.   *See, e.g., Gall*, 552 U.S. at 54 (recognizing that "a lenient sentence for a serious offense threatens to promote disrespect for the law").

**C.        General and Specific Deterrence**

A sentence of 87 months' incarceration – a significant period of incarceration – would provide general deterrence by deterring others from engaging in similar criminal conduct – especially conduce that results in death.

**D.        A Guidelines sentence is appropriate here.**

As set for the below, a Guidelines sentence (as agreed upon by the parties) would be reasonable, based on the circumstances of this case.   A "sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply," *Rita v. United States,* 551 U.S. 338, 351, and it "may not presume that the Guidelines range is reasonable," *Gall*, 552 U.S. at 50; *Nelson v. United States*, 555 U.S. 350, 350 (2009), nevertheless "even in an advisory capacity the Guidelines serve as 'a meaningful benchmark' in the initial determination of a sentence and 'through the process of appellate review.'" *Rosales-Mireles v. United States*, 585 U.S. 129, 133 (2018).

**E.    Unwarranted sentencing disparities**

As the D.C. Circuit has stated:   "[t]he best way to curtail 'unwarranted' disparities is to follow the Guidelines, which are designed to treat similar offenses and offenders similarly." *United States v. Alford*, 89 F.4th 943, 953 (D.C. Cir. 2024) (citation and internal quotation omitted); *see also United States v. Otunyo*, 63 F.4th 948, 960 (D.C. Cir. 2023) (same).   A sentence of 87 months incarceration (incorporating the sentence for the D.C. Code offense) is consistent with the Guidelines.

**VII.   Conclusion**

Based on the §3553(a) factors, the government asks the Court to impose a sentence of 87 months' incarnation.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

*John Crabb Jr.*
John Crabb Jr.
N.Y. Bar No. 2367670
601 D Street, N.W.
Washington, D.C. 20530
john.d.crabb@usdoj.gov
(202) 252-1794

6